**William GILROY, William O'Neill, James Kelly, Edward Howell, and Michael Weir, Petitioners,**

v.

**Benedict FERRO, District Director, Immigration & Naturalization Service, Respondent.**

**No. Civ–82–142C.**

United States District Court, W. D. New York.

Feb. 19, 1982.

See also, D.C., 534 F.Supp. 321.

Dillon & Cataldi, Buffalo, N. Y. (Kevin M. Dillon, Buffalo, N. Y., of counsel), for petitioner Gilroy.

Diebold, Bermingham, Gorman, Brown & Bridge, Buffalo, N. Y. (Mark J. Mahoney, Buffalo, N. Y., of counsel), for petitioner O'Neill.

John J. Molloy, West Seneca, N. Y., for petitioner Kelly.

Walsh, Cleary & Hamsher, Buffalo, N. Y. (Thomas P. Cleary, Buffalo, N. Y., of counsel), for petitioner Howell.

Murphy & Lobban, Buffalo, N. Y. (Robert M. Murphy, Buffalo, N. Y., of counsel), for petitioner Weir.

Roger P. Williams, U. S. Atty., Buffalo, N. Y. (Jack S. Penca, Asst. U. S. Atty., Buffalo, N. Y., of counsel), and Dept. of Immigration and Naturalization Service (James W. Grable, Buffalo, N. Y., of counsel), for respondent.

CURTIN, Chief Judge.

On February 18, 1982, the same day Mr. Ellis was excluded, the court inquired whether the same treatment could be given the remaining individuals. The attorney for respondents told the court he could not speculate on this point and would only say that the INS would not be in a position to begin the hearings today, Friday, February 19, 1982, as previously scheduled. This was strongly emphasized during the proceeding in open court and during an in-chambers meeting with counsel. On the basis of these representations, the court drafted its decision.

Despite the statements of counsel yesterday, the court was informed this morning that an administrative decision was made today, granting temporary exclusion orders under 8 U.S.C. § 1225(c) to the petitioners still in custody.

INS offered no explanation for its abrupt change of position. The court cannot understand why the petitioners were not excluded earlier, or why, at the least, the government gave no prior warning of its intention to exclude to the petitioners and the court. This reinforces the suspicion that some of the respondent's actions are based upon a desire to harass the petitioners, not to fulfill his statutory duties.

■ Despite this development, the court finds it is necessary to file this order. It is well settled that the "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.* does not make the case moot." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). Moreover, it appears that this case falls within the category of cases that are "'capable of repetition, yet evading review,' and is thus amenable to federal adjudication even though it might otherwise be considered moot." *DeFunis v. Odegaard*, 416 U.S. 312, 318, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164 (1974) *quoting Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911), *see also Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973).

In view of the fact that petitioners are not in custody at this time, the Director need not appear before me on Monday for a bond hearing. The findings of fact and the holding of this case nevertheless remain intact.

So ordered.