Lorenzo Alberto PICRIN–PERON,
Petitioner–Appellant,

v.

Richard H. RISON, Warden,
Respondent–Appellee.

No. 89–55781.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 2, 1990.

Decided April 18, 1991.

Charles D. Weisselberg, William J. Genego, and Dennis E. Curtis, and Leslie Davis and Maria Matan (law student interns), Post–Conviction Justice Project, University of Southern California Law Center, Los Angeles, Cal., for petitioner-appellant.

Wayne D. Collins, Leonard Miles, Clare O'Brien and Jennifer Bard, Shearman & Sterling, New York City, and Arthur C. Helton, New York City, for amicus curiae, Lawyers Committee for Human Rights.

Before BOOCHEVER, BEEZER and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

Richard Rison, as warden of the Federal Correctional Institution at Terminal Island in San Pedro, California, asks us to dismiss this appeal from the denial of Picrin–Peron's petition for a writ of habeas corpus claiming that the case is moot. We dismiss.

I

Lorenzo Alberto Picrin–Peron is a native and citizen of Cuba. In 1979, he applied to the U.S. Interests Section of the Swiss Embassy in Cuba for permission to come to the United States. He was granted indefinite immigration parole and arrived in the United States on March 24, 1980. Picrin–Peron worked for a construction company and later became the owner of a service station.

Between 1982 and 1987, Picrin–Peron was convicted of numerous felonies, including entering a dwelling to commit larceny, battery on a police officer, and twice for possession of cocaine. Although he violat-

ed one parole agreement, he served his state imposed prison sentences and was released from state custody in August 1987.

After Picrin–Peron's first conviction, the district director of the Immigration and Naturalization Service (INS) in Boston decided, without any hearing, to revoke Picrin–Peron's parole. When Picrin–Peron completed his sentence in 1987, the INS took him into custody and placed him in the Federal Correctional Institute at Terminal Island, California.

On February 19, 1988, an immigration judge found Picrin–Peron excludable from the United States. The judge also denied his applications for political asylum and for withholding of deportation. An appeal of those decisions was pending before the BIA at all times relevant to this appeal.

Picrin–Peron requested that the district director release him on immigration parole. His request was denied in May 1988. In June 1988, Picrin–Peron was interviewed by officers of the Cuban Review Plan. The Cuban Review Plan is a special plan for reviewing the detention of excludable Cuban aliens who arrived in the United States between April 15 and October 20, 1980. *See* 8 C.F.R. § 212.12 (1990). Although Picrin–Peron arrived before April 15, 1980, he was interviewed nevertheless. The Review Plan officers found that Picrin–Peron was not violent, was "not likely to return to a life of crime after being released," and was "genuinely sorry and remorseful for his criminal behavior." They recommended that Picrin–Peron be released.

In March 1989, the district director again denied Picrin–Peron's request for parole. The district director concluded that the impressions of the Review Plan officers were "not generally supported by the record," and that, because of disciplinary problems since the interview and his past criminal record, Picrin–Peron's release was "not in the best interests of the United States."

Although Picrin–Peron contends that there were no discipline problems, the district director's decision was made without giving him an opportunity to present his position.

## II

On November 19, 1987, Picrin–Peron filed the petition for writ of habeas corpus that is before us on this appeal. Magistrate Judge Volney V. Brown, Jr., recommended that the petition be dismissed on the ground that Picrin–Peron had not exhausted his administrative remedies before the BIA. The district judge modified the recommendation [1] and entered judgment denying the petition without prejudice. Picrin–Peron appeals this judgment, arguing that the exhaustion requirement is unnecessary because of the constitutional nature of his claim, which is beyond the competence of the BIA, and because of the BIA's unreasonable delay in hearing his asylum appeal.

Picrin–Peron argues that the Attorney General had neither statutory nor inherent power to confine him indefinitely simply because Cuba would not agree to repatriate him. He also argues that revocation of his parole without a hearing violated his right to due process and that his detention is excessive in light of its purpose, constituting punishment without a hearing in violation of the Fifth and Sixth Amendments. He argues further that international law requires the length and conditions of his continued detention to be reasonable in light of the degree to which he poses a danger to society or is likely to attempt to evade deportation, and that the reasonableness of his detention must be periodically reevaluated through individualized procedures.

## III

While Picrin–Peron's appeal was pending in this court, he was released from custody

---

**1.** The magistrate judge incorporated by reference his recommendation in a previous case in which he discussed issues of res judicata and evaluated the merits of claims similar to Picrin–Peron's. The district court's modifications appear intended only to narrow the ground for dismissal to Picrin–Peron's failure to exhaust administrative remedies and to allow the court to explain that an alternate ground is that "excludable aliens generally have no constitutional rights in parole decisions."

and reparoled into the United States. In moving papers, Warden Rison claims that Picrin–Peron's parole is valid "for one year, to be extended for another year absent his reinvolvement with the criminal justice system or the willingness of Cuba or a third country to accept him." A motions panel of this court denied dismissal of the appeal on claimed grounds of mootness.

■ We first consider whether a merits panel of this court can revisit the motion of Warden Rison to dismiss this appeal on the grounds of mootness. We conclude that we can. In *United States v. Houser*, 804 F.2d 565, 567–69 (9th Cir.1986), we concluded that

> while a merits panel does not lightly overturn a decision made by a motions panel during the course of the same appeal, we do not apply the law of the case doctrine as strictly in that instance as we do when a second merits panel is asked to reconsider a decision reached by the first merits panel on an earlier appeal.

*Id.* at 568.

### IV

■ Because Picrin–Peron does not contest his present freedom from confinement, we next address the question of mootness. If it appears that we are without power to grant the relief requested, then this case is moot. *Robbins v. Christianson*, 904 F.2d 492, 494 (9th Cir.1990) (citing *Lane v. Williams*, 455 U.S. 624, 632, 102 S.Ct. 1322, 1327, 71 L.Ed.2d 508 (1982)).

Here, Picrin–Peron's petition seeks only the issuance of a writ of habeas corpus. The federal writ of habeas corpus traces its origins deep into the history of the common law. *See Preiser v. Rodriquez*, 411 U.S. 475, 484–86, 93 S.Ct. 1827, 1833–34, 36 L.Ed.2d 439 (1973), *overruled, Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Fay v. Noia*, 372 U.S. 391, 399–415, 83 S.Ct. 822, 827–36, 9 L.Ed.2d 837 (1963); *Jones v. Cunningham*, 371 U.S. 236, 238–39, 83 S.Ct. 373, 374–75, 9 L.Ed.2d 285 (1963). *See also Rose v. Mitchell*, 443 U.S. 545, 583–87, 99 S.Ct. 2993, 3014–16, 61 L.Ed.2d 739 (1979) (Powell, J., concurring); *Schneckloth v. Busta-monte*, 412 U.S. 218, 252–56, 93 S.Ct. 2041, 2060–63, 36 L.Ed.2d 854 (1973) (Powell, J., concurring). The writ is an integral part of our common-law heritage and enjoys explicit constitutional recognition. *See Preiser*, 411 U.S. at 485, 93 S.Ct. at 1833; U.S. Const. Art. I, § 9, cl. 2. Congress granted the federal courts the jurisdiction to issue the writ in the Judiciary Act of 1789. Act of Sept. 24, 1789, c. 20, § 14, 1 Stat. 73, 81–82. The statutory authority for the writ is now found at Section 2241 of Title 28 of the United States Code. *See* 28 U.S.C. § 2241 (1988).

Historically, the function of the writ is to secure immediate release from illegal physical custody. *Preiser*, 411 U.S. at 484–85, 93 S.Ct. at 1833. The Supreme Court has held that "under the writ of *habeas corpus* we cannot do anything else than discharge the prisoner from the wrongful confinement." *Ex parte Medley*, 134 U.S. 160, 173, 10 S.Ct. 384, 388, 33 L.Ed. 835 (1890). The Court has also said that "[h]abeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power." *Noia*, 372 U.S. at 430–31, 83 S.Ct. at 844.

Picrin–Peron's counsel referred to four INS detainees, in addition to Picrin, who have brought petitions for writ of habeas corpus challenging indefinite detention of excludable aliens. In each case, the INS has voluntarily terminated the incarceration so that either the petition for the writ was dismissed or, in cases where it had been denied, the appeal was dismissed. Picrin–Peron contends that these cases are sufficient to invoke the doctrine of voluntary cessation.

The Supreme Court has held that an appeal is not moot where the government voluntarily ceases illegal action but is free to resume it at any time. *Mesquite v. Alladin's Castle, Inc.*, 455 U.S. 283, 289, 102 S.Ct. 1070, 1074, 71 L.Ed.2d 152 (1982); *Vitek v. Jones*, 445 U.S. 480, 487, 100 S.Ct. 1254, 1260, 63 L.Ed.2d 552 (1980); *United States v. W.T. Grant Co.*, 345 U.S. 629, 632–33, 73 S.Ct. 894, 897, 97 L.Ed. 1303

(1953). However, none of the cases applying this doctrine deals with a petition for habeas corpus. *But see Gilroy v. Ferro,* 534 F.Supp. 326 (W.D.N.Y.1982) (voluntary cessation exception applied in habeas case); *Robbins v. Christianson,* 904 F.2d 492 (9th Cir.1990) (collateral consequences exception applied in habeas case); and *Lesbian/Gay Freedom Day Comm., Inc. v. United States Immigration and Naturalization Serv.,* 541 F.Supp. 569 (N.D.Cal.1982), *aff'd,* 714 F.2d 1470 (9th Cir.1983) ("capable of repetition but evading review" exception applied in habeas case).

The doctrine of voluntary cessation "has been interpreted to apply generally in cases in which a type of judgment with continuing force, such as an injunction, is sought. Such cases do not become moot 'merely because the [defendant's] conduct immediately complained of has terminated, if there is a possibility of a recurrence which would be within the terms of a proper decree.' " *Armster v. U.S. District Court for the Central District of California,* 806 F.2d 1347, 1357 (9th Cir.1986) (quoting P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart & Wechsler's The Federal Courts and the Federal System 110 (2d ed. 1973)).

The government stated in its dismissal motion that "[a]bsent Picrin's reinvolvement with the criminal justice system, a change in the Cuban government enabling him to return to Cuba, or the willingness of a third country to accept him, he will be paroled for another year." The government did not cite any authority for its promise, however, so we issued an order requesting such authority. *See Armster,* 806 F.2d at 1359. In response, the government filed a declaration of the director of the Los Angeles District Office of the INS who reiterated under oath the statement made by the government in its motion.

Based on that declaration, we are satisfied that the alleged wrong will not recur. *See Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 72, 104 S.Ct. 373, 375, 78 L.Ed.2d 58 (1983) (per curiam) (where university had publicly announced a policy change, Court found no reasonable likelihood that the university would return to its

original policy). Because the "conditions satisfying [the voluntary cessation exception] are [not] met," *Armster v. United States Dist. Court,* 806 F.2d 1347, 1357 (9th Cir.1986), we need not decide whether the voluntary cessation exception to the mootness doctrine applies in habeas corpus cases.

By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide.

The appeal is DISMISSED.