958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James E. BRYANT, Petitioner-Appellant,
v.
Frank J. GAUL, Respondent-Appellee.
 No. 90-15130.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 19, 1992.*
Decided March 19, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James E. Bryant, a California state prisoner, appeals pro se the district court's order dismissing his civil rights action. Bryant contends on appeal that the district court erred by (1) requiring him to pay discovery costs and witness fees; (2) ordering him shackled at trial; (3) granting partial summary judgment; (4) refusing to appoint counsel or an investigator; and (5) dismissing the action as a sanction for abuse of process. We reject these contentions and affirm.
 
 DISCUSSION
 1. Discovery Costs and Witness Fees
 
 3
 Bryant contends that the district court erred by requiring him to pay for copies of some documents he requested and to pay fees for witnesses he subpoenaed. We disagree. Although Bryant was allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), that statute does not waive payment for costs of litigation other than filing of the complaint and service of process. See Tedder v. Odel, 890 F.2d 210, 211 (9th Cir.1989).
 
 2. Shackling at Trial
 
 4
 Bryant argues that the district court erred by ordering him shackled during the trial. That order was rendered moot, however, when the magistrate judge dismissed the action before trial. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir.1991).
 
 3. Partial Summary Judgment
 
 5
 The district court granted summary judgment against Bryant on his claim that he was denied due process at a prison disciplinary hearing. Summary judgment on that claim was appropriate because "some evidence" supported the prison's finding that Bryant violated prison rules. See Toussaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir.1990), cert. denied, 112 S.Ct. 213 (1991).
 
 4. Appointment of Counsel and Investigator
 
 6
 Bryant repeatedly requested that the court appoint counsel. We conclude that this was not an exceptional case that warranted appointment of counsel. Bryant was able to articulate clearly his relatively straightforward claims which were not likely to succeed on the merits. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 7
 Bryant also requested a court-appointed investigator but failed to place the motion on the motions calendar as required by the district court's local rules. For that reason, we conclude that the court's failure to rule on Bryant's request was not an error. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) (pro se litigants must follow procedures that govern other litigants).
 
 5. Dismissal of the Action
 
 8
 Bryant's action was dismissed as a sanction for falsifying subpoenas. Even though the defendant was not greatly prejudiced by Bryant's actions, the magistrate judge warned Bryant of the possibility of dismissal, and less drastic sanctions were either unavailable or inappropriate. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412-13 (9th Cir.1990), cert. denied, 111 S.Ct. 1019 (1991). We affirm the dismissal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3