967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Asmar H. SALEEM, a/k/a Clarence E. Jones, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 91-35996.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Asmar H. Saleem appeals pro se the district court's summary judgment dismissing his 42 U.S.C. § 1983 civil rights action against prison superintendent Manfred Maass. Saleem contends that he was denied due process when he was sanctioned, following a prison disciplinary hearing, for destroying a plastic spoon. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We will affirm if, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990).
 
 
 4
 Due process requires that "some evidence" support a decision at a prison disciplinary hearing. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) ("the relevant question is whether there is any evidence in the record that could support the conclusion reached"); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir.1989). "There 'must be some indicia of reliability of the information that forms the basis for prison disciplinary actions.' " Toussaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir.1990) (quoting Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987)), cert. denied, 112 S.Ct. 213 (1991).
 
 
 5
 Here, on November 4, 1989, Saleem reported to Officer Anders, a prison guard, that his plastic spoon had broken while he had been eating dinner the night before. Anders filed a misconduct report, and Saleem was charged with destruction of property and disobedience of an order. Hearings Officer Anthony Santos found that Saleem had destroyed property and recommended that he be deprived of exercise privileges for seven days and fined $10.00. Maass approved the recommendation on December 12, 1989.
 
 
 6
 Saleem contends that there was insufficient evidence to support the finding that he destroyed the spoon because a photograph of the spoon rather than the actual spoon was produced at the disciplinary hearing; he stated that the spoon was structurally flawed and fell apart in his hands; and Anders falsely stated that the spoon was made of durable plastic and would break only if deliberately misused.
 
 
 7
 Even though Saleem does not agree with it, Anders's statement alone was "some evidence" to support the finding that Saleem destroyed the spoon. Accordingly, Saleem's contention lacks merit. See Hill, 472 U.S. at 455-56; Bostic, 884 F.2d at 1269-70.
 
 
 8
 Saleem also contends that Maass was not authorized under Oregon law to impose a fine because there was no evidence that he willfully destroyed the spoon. This claim is moot because on October 10, 1990, Maass ordered that the $10.00 be returned to Saleem's inmate trust account. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir.1991) (a claim is moot when the court no longer has power to grant the requested relief).
 
 
 9
 We therefore AFFIRM the district court's summary judgment in favor of Maass.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3