977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John D. JENKINS; Joanne M. Jenkins; Mark Jenkins,
Plaintiffs-Appellants,
v.
KLAMATH COUNTY; et al., Defendants-Appellees.
 Nos. 91-35964, 91-35967.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 21, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John D. Jenkins and Joanne M. Jenkins appeal pro se the district court's order granting voluntary dismissal of their 42 U.S.C. § 1983 civil rights action. Their son Mark Jenkins appeals pro se the district court's order dismissing his section 1983 claims for failure to prosecute. John and Joanne Jenkins contend that the district court erred by ordering them to file an amended complaint after remand by this court following an earlier interlocutory appeal. See Jenkins v. Klamath County's Dep't of Public Safety, Nos. 88-3550 & 88-3707, unpublished memorandum disposition (9th Cir. Feb. 6, 1990) (reversing dismissal of John and Joanne Jenkins's claims as to all defendants; affirming summary judgment and dismissal as to Mark Jenkins's claims against defendants Duryee, Caleb, and Bailey; and reversing summary judgment as to Mark Jenkins's claims against defendants Peden and Bollier). Mark Jenkins contends that after remand, the district court erred by reinstating his amended complaint of January 6, 1987, only as to defendant Carlos Barragan, and not as to defendants Peden and Bollier. The appellants also contends that the district court erred by refusing to recuse Judge Helen J. Frye. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 John and Joanne Jenkins contend that the district court erred by ordering them to file an amended complaint because they did not wish to pursue the action as to the possible defendants remaining after this court's decision in the earlier appeal. Because the district court granted John and Joanne Jenkins's request for voluntary dismissal of their amended complaint, this contention is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir.1991) (a claim is moot when a court no longer has power to grant the requested relief). We therefore affirm the district court's dismissal of the action as to John and Joanne Jenkins.
 
 
 4
 Mark Jenkins contends that the district court erred by reinstating his amended complaint only as to his claim against defendant Barragan, which had been stayed pending the earlier appeal, and not as to defendants Peden and Bollier. He also contends that the district court erred by refusing to enter default judgments against Peden and Bollier. Mark Jenkins ignores the district court's later order dismissing his amended complaint for failure to prosecute. If proper, this later order renders moot his contentions about the district court's earlier orders. See id. Because Mark Jenkins's briefs do not make any argument regarding the dismissal for failure to prosecute, we affirm the district court's dismissal of the action as to Mark Jenkins. See Wilcox v. CIR, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) ("[a]rguments not addressed in a brief are deemed abandoned").
 
 
 5
 Finally, appellants contend that Judge Panner of the district court erred by denying their motion for recusal of Judge Frye pursuant to 28 U.S.C. § 144. We review the district court's ruling on a recusal motion for an abuse of discretion. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 110 S.Ct. 3237 (1990). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. (quotation omitted). "In order to state a successful case for recusal, however, a party must allege bias or prejudice stemming from an extrajudicial source." Id. Here, appellants based their recusal motion solely on Judge Frye's rulings against them; they made no allegation of bias stemming from an extrajudicial source. Accordingly, the district court did not abuse its discretion by refusing to recuse Judge Frye. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3