977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miguel Cervantes SANCHEZ, Petitioner-Appellant,
v.
Richard H. RISON, Warden, Respondent-Appellee.
 No. 92-55192.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 21, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Cervantes Sanchez, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas petition challenging the Parole Commission's calculation of his term of incarceration. Sanchez was convicted and sentenced for conspiracy to possess, with intent to distribute heroin, distribution of heroin, and transfer of counterfeit government obligations. He contends that the Parole Commission (Commission) abused its discretion when it computed his offense severity at category eight rather than six by: (1) giving his co-defendants a lower severity rating than he received; and (2) considering his expired concurrent sentence in determining his severity category. He also contends that the Commission failed to give a summary of how it arrived at an offense severity category of eight rather than six. We dismiss this appeal as moot.
 
 
 3
 A petitioner's release from custody before the court addresses the merits of a habeas petition generally renders the petition moot. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990) (citing Lane v. Williams, 455 U.S. 624, 632 (1982)). The courts recognize an exception to this rule if the petitioner shows that he will suffer some collateral legal consequences if a challenged conviction is allowed to stand. Id. If the petitioner does not challenge the validity of his conviction but rather challenges only his sentence or some aspect of it, such as the imposition of a mandatory parole term, the petition is moot once the challenged portion of the sentence has been served. Any nonstatutory consequences of the sentence, such as its effect, apart from the conviction, on employment prospects or on the sentence imposed in a future proceeding, are insufficient to avoid mootness. Lane v. Williams, 455 U.S. 624, 631-33 (1982).
 
 
 4
 Moreover, if the habeas petition seeks only release from custody, and the petitioner has been released while the petition was pending, the case is moot. Picron-Peron v. Rison, 930 F.2d 773, 776 (9th Cir.1991) (a claim is moot when the court no longer has power to grant the requested relief).
 
 
 5
 Here, Sanchez filed his habeas petition on July 30, 1991 seeking "release from unconstitutional confinement created by the Parole Commission's disparity of treatment without good cause shown." On January 15, 1992 the district court entered a judgment dismissing Sanchez' habeas petition. Sanchez timely appealed. On September 28, 1992 Sanchez filed a motion for appointment of counsel stating that he had been released on his mandatory release date of September 22, 1992. We therefore dismiss this appeal.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, Sanchez' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3