996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard MARRA, Petitioner-Appellant,
v.
Richard H. RISON, Warden, Respondent-Appellee.
 No. 91-55185.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Marra appeals pro se the district court's denial of his petition for a writ of habeas corpus. Because he has been released from federal custody, his claim that his confinement violates federal law is moot. His other claim raises issues of state law that must be addressed in the Pennsylvania courts. We dismiss his petition.
 
 
 3
 * Marra was convicted of murder, sentenced to life imprisonment and incarcerated at a state correctional institution in Camp Hill, Pennsylvania. In October 1989, a riot destroyed the prison. Consequently, the state prison system was severely overcrowded. The Federal Bureau of Prisons agreed to house some of the prisoners on a reimbursement basis pursuant to a contract between Pennsylvania and the Bureau. Marra was transferred into federal custody.
 
 
 4
 In August 1990, he filed a petition for writ of habeas corpus claiming that (1) federal officials were holding him unlawfully and (2) Pennsylvania's transfer of him was unlawful and, therefore, the state no longer had jurisdiction over him and his life sentence was void. In November, he was transferred back to Pennsylvania. On December 14th, the district court denied his petition because he was not being held in violation of federal law.
 
 
 5
 On appeal, Marra argues that his federal confinement was unlawful and his life sentence is void. We have jurisdiction over this timely appeal. 28 U.S.C. § 2253.
 
 II
 
 6
 Because Marra has been transferred back to state custody, we can no longer grant part of the relief he seeks: to be released from federal confinement. Therefore, this aspect of his claim is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir.1991). Because no reasonable expectation exists that Marra will once again be subjected to the same action, "[t]his is not a situation 'capable of repetition, yet evading review' to which the doctrine of mootness may not apply." Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988) (quoting Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987)).
 
 
 7
 Marra also seeks to have us void his state sentence. Because this claim raises questions of state law, it must be addressed in the Pennsylvania courts.
 
 
 8
 Marra's petition for writ of habeas corpus is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3