67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Saragosa JIMENEZ, Petitioner-Appellant,
v.
J.H. CRABTREE, Warden, Respondent-Appellee.
 No. 94-36247.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Saragosa Jimenez, a former federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2241 habeas petition as moot. We affirm.
 
 
 3
 In his petition, Jimenez sought release on the ground that he was improperly denied good time credits and consequently held beyond his mandatory release date. The district court properly dismissed the petition as moot because Jimenez, who was released on June 13, 1994, had already obtained the relief he sought. See Picron-Peron v. Rison, 930 F.2d 773, 776 (9th Cir.1991).
 
 
 4
 To the extent Jimenez sought monetary damages, the district court properly dismissed the claim for lack of jurisdiction. First, if construed as a claim under the Federal Tort Claims Act, the claim fails because Jimenez did not file an administrative claim. See Jerves v. United States, 966 F.2d 517, 519 (9th Cir.1992) (filing of an administrative claim is a jurisdictional prerequisite). Second, to the extent that Jimenez is alleging tort claims against the defendants in their official capacities, these claims are against the United States. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). Because the United States has not waived its sovereign immunity for constitutional torts, the district court correctly dismissed these claims. See Rivera v. United States, 924 F.2d 948, 951 (9th Cir.1991). Finally, to the extent that Jimenez is alleging tort claims against the defendants in their individual capacities, the district court properly dismissed them for lack of personal jurisdiction. See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir.1987).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3