**Laurence Anthony MASTERS, Petitioner—Appellant,**

v.

**Thomas J. SCHILTGEN, District Director, Immigration & Naturalization Service; Doris Meissner, Commissioner, Immigration & Naturalization Service; John Ashcroft, Attorney General of the United States of America,\* Respondents—Appellees.**

**Laurence Anthony Masters, Petitioner,**

v.

**John Ashcroft, Attorney General of the United States of America,\* Respondent.**

Nos. 00–56160, 00–70353.
D.C. No. CV–99–10112–GHK.
INS No. A27–567–670.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2001.\*\*

Decided Jan. 25, 2002.

---

3. There also is no evidence that Amway, at the time it solicited Galles, intended not to fund the Galles race program.

\* John Ashcroft is substituted for his predecessor, Janet Reno. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER and WARDLAW, Circuit Judges, and SCHWARZER, District Judge.***

MEMORANDUM ****

This is a consolidated appeal from a final order of removability issued by the Board of Immigration Appeals ("BIA") and from a denial of habeas relief by the district court. Laurence Anthony Masters ("Masters") challenges an INS finding of removability for cultivating marijuana in violation of California Health and Safety Code § 11358, his INS detention pending removal proceedings, and selective prosecution by the Attorney General.

We have jurisdiction over the petition for review of the BIA order pursuant to 8 U.S.C. § 1252(a)(1) and we deny the petition.

We have jurisdiction to review the district court's denial of habeas relief pursuant to 28 U.S.C. § 2253, and we affirm in part and dismiss in part.

I

We review de novo a district court's decision denying habeas relief. *Jessup v. United States Parole Comm'n*, 889 F.2d 831, 834 (9th Cir.1989). We lack jurisdic-

---

*** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion to review a removal order if the alien is removable for committing an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), but we retain jurisdiction to determine our own jurisdiction. *Park v. INS,* 252 F.3d 1018, 1021 (9th Cir.2001). Whether a particular offense constitutes an aggravated felony is a question of law that we review de novo. *Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir. 2000).

## II

■ Masters' California conviction for marijuana cultivation in violation of Section 11358 of the California Health and Safety Code is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). An aggravated felony under § 1101(a)(43)(B) includes, among other things, a drug trafficking crime as defined in 18 U.S.C. § 924(c)(2). A drug trafficking crime is "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). No connection to trafficking is required to meet the § 1101(a)(43)(B) definition of aggravated felony. *United States v. Zarate–Martinez,* 133 F.3d 1194, 1200 (9th Cir.1998). Cultivation of marijuana is punishable under the Controlled Substances Act. 21 U.S.C. §§ 812(c) (categorizing marijuana as controlled substance), 841(a)(1) (proscribing "manufacture [of] ... a controlled substance"), 802(15) (defining "manufacture" as "production"), 802(22) (defining "production" as "planting, cultivating, growing, or harvesting"). Cultivation of marijuana is punishable as a felony under the Controlled Substances Act. *Zarate–Martinez,* 133 F.3d at 1200 (using 18 U.S.C. § 3559 to determine whether a crime is punishable as a felony under § 924(c)(2)); 18 U.S.C. § 3559(a) (defining a felony as any crime for which the maximum term of imprisonment authorized is more than one year); 21 U.S.C. § 841(b)(1)(D) (authoriz-ing up to five years imprisonment for cultivation of marijuana). Masters' conviction is for cultivation rather than distribution of marijuana and does not qualify for the misdemeanor exception of § 841(a)(1).

We dismiss the petition for review of the BIA order and affirm the district court's denial of habeas relief on Masters' challenge to his removability.

## III

■ Masters' claim that his INS detention was unconstitutional is now moot due to his deportation and release from INS detention. The case-or-controversy requirement of Article III, § 2, of the Constitution "subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (internal quotations omitted). Stated another way, "[i]f it appears that [the court is] without power to grant the relief requested, then th[e] case is moot." *Picrin–Peron v. Rison,* 930 F.2d 773, 775 (9th Cir.1991). Masters was released from INS detention after this appeal was taken. Masters does not seek damages, nor could he in a habeas action. The relief that Masters requests-release from detention-can no longer be granted. We dismiss his detention claim as moot. *Cf. Spencer v. Kemna,* 523 U.S. 1, 8–16, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (dismissing as moot habeas petition challenging allegedly unconstitutional parole revocation procedures after petitioner was released from prison).

## IV

■ The district court properly dismissed Masters' selective prosecution claim for lack of subject matter jurisdic-

tion. Federal courts lack jurisdiction to "hear any cause or claim ... arising from the decision or action by the Attorney General to commence proceedings ... against any Alien under [the Immigration and Nationality Act]." 8 U.S.C. § 1252(g). A claim of selective prosecution constitutes a challenge to the Attorney General's decision to "commence proceedings," and federal courts lack jurisdiction to hear such claims. *Reno v. Arab–American Anti–Discrimination Comm.*, 525 U.S. 471, 486, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999).

AFFIRMED in part and DISMISSED in part as to case number 00–56160.

DISMISSED as to case number 00–70353.