

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EPIGMENIO RIOS-SIERRA, AKA Epimenio Rios, AKA Antonio Martines, AKA Sergio Rosales, AKA Juan Garcia<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-72503<br><br>Agency No. A091-865-390<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015**

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Epigmenio Rios-Sierra, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for protection

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  *Alphonsus v. Holder*, 705 F.3d 1031, 1036-37 (9th Cir. 2013). We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo claims of due process violations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the BIA's denial of Rios-Sierra's CAT claim because Rios-Sierra did not establish it is more likely than not he will be tortured by or with the consent or acquiescence of the Mexican government.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).  The record does not support Rios-Sierra's contentions that the agency's analysis was deficient.  We reject Rios-Sierra's contentions that the IJ did not allow him to present his claim and exhibited bias.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We do not consider new evidence Rios-Sierra references in his opening brief because our review is limited to the administrative record underlying the agency's decision.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Finally, based on respondent's statement that Rios-Sierra has been released from detention, Rios-Sierra's request for a bond hearing is moot.  *See Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991).

**PETITION FOR REVIEW DENIED.**