**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


FILED

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOLORES SANCHEZ DE GOMEZ, as next friend of Guillermo Gomez-Sanchez, <br><br> Petitioner - Appellant, <br><br> v. <br><br> ROBIN BAKER, Field Office Director, San Diego District, United States Bureau of Immigration and Customs Enforcement (ICE); et al., <br><br> Respondents - Appellees. | No. 10-56542 <br><br> D.C. No. 3:10-cv-00652-JM-JMA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted October 12, 2011
Pasadena, California

Before: PREGERSON and D.W. NELSON, Circuit Judges and LYNN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

Guillermo Gomez-Sanchez ("Gomez"), by and through his mother and next friend Dolores Sanchez De Gomez, appeals the district court's order dismissing as moot Gomez's petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez is no longer in immigration detention and the government has offered assurances through a supplemental declaration from San Diego ICE Assistant Field Office Director Scott C. Hamelin ("Hamelin Declaration") that Gomez will not be re-detained. Release from custody does not necessarily render a habeas petition moot. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1117-18 (9th Cir. 2010). Here, however, the government may terminate Gomez's release only in the three narrow circumstances identified in the Hamelin Declaration: (1) Gomez violates the terms of his release; (2) a final order of removal is issued against him; or (3) ICE is required by law to re-detain him. Pursuant to the Hamelin Declaration, the government "is not free to avoid the boundaries of its commitment by invoking section [8 U.S.C. §] 1226(c) in this case."

We are satisfied with the government's assurances that it will not, under any other circumstance, re-detain Gomez—including the government's concession that the third circumstance "does not mean that ICE can re-detain [Gomez] if its view of the applicable law changes," rather it means only that the government

2

"preserv[es] the possibility that Congress could amend the Immigration and Nationality Act or [DHS] could engage in a rulemaking that would modify the current legal landscape." We are also convinced that this declaration ensures that Gomez, should he ever be re-detained under one of the three circumstances listed in the Hamelin Declaration, will be given the right to a bond hearing before a neutral decision-maker where the government has the burden of establishing that he is a flight risk or a danger to the community. *See id.* at 1117.

Based on the Hamelin Declaration, we also find that the voluntary cessation doctrine does not apply because the "allegedly wrongful behavior could not reasonably be expected to recur." *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (internal quotation marks omitted); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 775-76 (9th Cir. 1991) (noting that none of the voluntary cessation cases have arisen in the context of a habeas petition).

Finally, Gomez did not challenge the reasonableness of the electronic monitoring as a condition for release before the district court, and he did not seek to ameliorate the conditions of his release by seeking a redetermination before the Immigration Judge as required under 8 C.F.R. § 236.1(d)(1). Thus, Gomez did not exhaust his administrative remedies as to this issue and it is not properly before this court.

**AFFIRMED.**