[Crim. No. 7181. Third Dist. Jan. 9, 1974.]

In re HERBERT BELL, JR., on Habeas Corpus.

**COUNSEL**

Robert F. O'Neal, under appointment by the Court of Appeal, and Tony Skrocki for Petitioner.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Eddie T. Keller and Willard F. Jones, Deputy Attorneys General, for Respondent.

## OPINION

**REGAN, J.**—On August 6, 1973, petitioner Herbert Bell, Jr., filed a petition for a writ of habeas corpus alleging that the rescission of his parole date did not conform to the requirements set forth in *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]. We issued an order to show cause.

Petitioner is currently serving sentence at Folsom Prison after conviction of various criminal offenses. On February 8, 1972, petitioner's parole date was set for August 13, 1973.

On March 12, 1973, petitioner was charged with the violation of two prison rules, namely disobeying orders and being in an unauthorized area. On that same date, he was served with a copy of the rules violation report, which advised him of the charges and the evidence against him and that a disciplinary hearing would be held. The back of this form advises the inmate of his rights with regard to the charges, including his right to summon witnesses, his right to be present, and his right to the assistance of an investigating officer. C. J. Johnson, the correctional officer who served the form on petitioner, declared that it was his custom and practice to inform the inmate that his rights were printed on the back of the form; however, he had no independent recollection of the event.

The matter was referred to a disciplinary committee on March 12, 1973, at which time an investigating officer was assigned to assist petitioner in the preparation of his case, including the interviewing and summoning of witnesses. The investigating officer advised petitioner of his rights to summon witnesses,[1] but petitioner declined to cooperate with the officer. Petitioner told the officer he had witnesses, but refused to give their names.

A disciplinary hearing was scheduled for March 13, 1973, but was continued for further investigation by the petitioner's investigating officer upon petitioner's statement that Officer Forrest could clear him of the charges.

On March 20, 1973, the hearing was reconvened with petitioner and his investigating officer present. Neither the accusing officer or any other witnesses were present as petitioner made no request that he wished any witnesses to be there. At the time of that hearing, petitioner was served with a notice of complaint indicating that the Adult Authority would consider the charges with respect to his parole. Petitioner refused to sign a

---

[1]Petitioner acknowledged he knew he could have witnesses present at the hearing.

copy acknowledging receipt of the complaint. At the March 20 hearing the disciplinary committee found petitioner guilty of the two rule violations.

On April 30, 1973, the Adult Authority met and considered the evidence and findings of the disciplinary committee and rescinded petitioner's parole date.

■ An inmate is entitled to a hearing which substantially conforms to the *Morrissey* procedures on the question whether an order granting parole should be rescinded as improvidently granted. (*In re Prewitt* (1972) 8 Cal. 3d 470, 474, fn. 6 [105 Cal.Rptr. 318, 503 P.2d 1326].) Although a preliminary in-prison hearing is not compelled in parole rescission cases such hearing was in fact provided.

■ The formal in-prison parole rescission hearing, a due process requirement under *Morrissey,* was held by the Adult Authority and was complete in all respects. From the date of violations of the prison rules, the following occurred: Petitioner was given written notice of the alleged violations on the same day they occurred. This notice also meets the second requirement, i.e., disclosure of the evidence against petitioner. Furthermore, petitioner was served with a notice of complaint on March 20, 1973 (time of the second disciplinary committee hearing), advising him of the charges and also advising him that the Adult Authority would conduct a hearing to determine whether or not to rescind petitioner's previously granted parole date.

The third requirement of *Morrissey*—opportunity to be heard in person and to present witnesses and documentary evidence—was also met since an investigating officer was appointed and petitioner was advised of these rights.

The fourth requirement—the right to confront and cross-examine adverse witnesses—was also satisfied.[2]

The fifth requirement of *Morrissey*—"a 'neutral and detached' hearing body, such as a traditional parole board,"—was likewise met, since the Adult Authority is a traditional parole board.[3]

The last requirement—"a written statement by the factfinders as to the

---

[2]Petitioner declined to call as a witness the accusing officer.

[3]The Adult Authority apparently relied (to some extent at least) upon the findings made by the disciplinary committee.

evidence relied on and the reason for revoking parole"—was also complied with.

Counsel for petitioner criticizes that portion of the policy which states that in most rescission situations, "the Adult Authority will rely upon institutional disciplinary hearings as furnishing the cause for their action . . . ." He contends prison officials were not "neutral and detached."

We reject this contention. First, we will not attribute bias or malicious motives to members of the prison staff. Secondly, the Supreme Court in *Morrissey* candidly admitted that it could not write a code of procedure. (408 U.S. at p. 488 [33 L.Ed.2d at p. 498].) Finally, although the Adult Authority relied upon the report of the disciplinary committee, there is nothing in the record to indicate that the authority did not make its own independent evaluation. We think petitioner was accorded due process in accordance with the dictates of *Morrissey*.

Counsel also contends the record must show a *waiver* of the right to call witnesses. He bases this contention upon an analogy to *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 468 P.2d 449] (where on guilty pleas, record must show waiver of constitutional safeguards). There is nothing in *Morrissey,* or in *Prewitt,* which would substantiate this argument. Furthermore, the record shows that petitioner knew of his right to call witnesses but not only refused to cooperate with the investigating officer in this regard, but also refused to name his witnesses.

Petitioner contends that he was denied the right to have counsel at his rescission of parole hearing. (See *Gagnon* v. *Scarpelli* (1973) 411 U.S. 778 [36 L.Ed.2d 656, 93 S.Ct. 1756].) *Gagnon* was decided on May 14, 1973. Petitioner's parole date was rescinded on April 30, 1973, prior to the decision in *Gagnon.* As we have held today in *In re Oglesby* (1974) *ante,* page 629 [111 Cal.Rptr. 866 ], the decision in *Gagnon,* authorizing a limited right to counsel in parole revocation proceedings, is not to be given a retroactive application.

Petitioner finally contends the Adult Authority erred in considering a hearsay written report of the accusing officer in determining whether to rescind his parole date. This contention is without merit. The Adult Authority is generally permitted to consider all relevant evidence. (*In re Martinez* (1970) 1 Cal.3d 641, 649-650 [83 Cal.Rptr. 382, 463 P.2d 734] [illegally obtained evidence]; *In re Schoengarth* (1967) 66 Cal.2d 295, 300 [57 Cal. Rptr. 600, 425 P.2d 200]; see *Dorado* v. *Kerr* (9th Cir. 1972) 454 F.2d

892, 897.) The report of the accusing officer was certainly relevant, and thus it was proper for the Adult Authority to consider it.

The order to show cause is discharged and the writ denied.

Richardson, P. J., and Vasey, J.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 8, 1974.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.