21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam MERIT, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-55731.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sam Merit, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 petition for habeas corpus challenging the United States Parole Commission's decision denying him early parole and extending his presumptive parole date beyond the guideline range. We have jurisdiction under 28 U.S.C. Sec. 2253. We affirm.
 
 
 3
 Merit contends that the Parole Commission exceeded its statutory authority by going beyond the applicable guidelines for his offense. Specifically, he contends that the FBI report prepared by Agent Reno Walker contained false information, and that this court should void the Parole Commissions's decision which was partly based on the report. We disagree.
 
 
 4
 We review de novo the denial of a petition for a writ of habeas corpus. Grady v. Crabtree, 958 F.2d 874, 874 (9th Cir.1992) (per curiam). However, the scope of our review of the Commission's parole decisions is exceedingly narrow. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam). We review the Parole Commission's determination to render a parole decision outside the applicable guidelines range for good cause, but must limit our inquiry to whether that showing was arbitrary, irrational, unreasonable, or capricious. Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). This court lacks jurisdiction to review the reliability of the sources of information forming the basis of a parole decision. Walker, 816 F.2d at 1316. Further, this court may not re-evaluate the credibility of witnesses. Roberts v. Corrothers, 812 F.2d 1173, 1179-80 (9th Cir.1987).
 
 
 5
 Here, the Parole Commission, in re-determining Merit's presumptive parole date, made reference to an FBI report containing information from a witness alleging that Merit had threatened and assaulted her. Merit argues that these allegations were "not factual," and "categorically denies" them. Nonetheless, the Parole Commission has discretion to consider allegations that the petitioner engaged in assaultive conduct. See Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir.1992) (per curiam). The Parole Commission's use of unadjudicated allegations or hearsay information does not violate due process. See Vargas v. United States Parole Comm'n, 865 F.2d 191, 194 (9th Cir.1988). There is no requirement that the evidence be corroborated. See Perveler, 974 F.2d at 1135. Further, we may not review the credibility of the witness. See id.; Corrothers, 812 F.2d at 1179-80. Merit has not shown, nor does the record show that the Parole Commission's determination to render a parole decision outside the applicable guidelines range was arbitrary, irrational, unreasonable, or capricious. See Wallace, 802 F.2d at 1551. Accordingly, the district court did not err in denying Merit's petition for a writ of habeas corpus.
 
 
 6
 Merit also argued in his petition, that the Parole Commission violated 18 U.S.C. 4215(b), which requires that upon receipt of appellant's papers, the board must issue its decision within sixty days. Merit failed to argue this issue on appeal, and thus we deem it abandoned. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (issues not argued on appeal are deemed abandoned absent manifest injustice).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Merit has filed numerous appeals in this court relating to the same circumstances. Therefore, we will not entertain a petition for rehearing. The mandate shall issue forthwith
 Further, Merit's motion filed on March 21, 1994 requesting immediate release on parole or an expedited hearing of this case is deemed moot.