59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sabil M. MUJAHID, a/k/a Terry Smith, Plaintiff-Appellant,
v.
Nolan UEHARA, et al., Defendants-Appellees.
 No. 94-15316.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hawaii state prisoner Sabil Mujahid, a.k.a. Terry Smith, appeals pro se the district court's summary judgment for defendant prison officials in his 42 U.S.C. Sec. 1983 civil rights action alleging that defendants violated his due process rights by (1) failing to give him proper notice before a disciplinary hearing, (2) finding him in violation of prison rules without sufficient evidence and (3) failing to issue a sufficient written statement explaining their decision. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Because we conclude that Mujahid was afforded due process, we need not decide whether he had a liberty interest in not being arbitrarily placed in disciplinary segregation. See e.g., Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir.1992).[1]
 
 A. Notice
 
 4
 Mujahid contends that the district court erred by granting summary judgment for defendants because there is a genuine issue of material fact as to whether defendants provided Mujahid with adequate notice of his hearing. This contention lacks merit.
 
 
 5
 Due process requires that an inmate receive written notice of the charges against him at least 24 hours before a disciplinary hearing. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994).
 
 
 6
 Here, there is no genuine issue of material fact as to whether Mujahid received adequate written notice of his disciplinary hearing. The record indicates that Mujahid received written notice of the hearing two days before the hearing was scheduled. The notice plainly indicated which rules Mujahid violated, and the date the alleged violation occurred. Under these circumstances, we conclude that Mujahid's notice was sufficient "to inform him of the charges and to enable him to marshal the facts and prepare a defense." See id. (quoting Wolff v. McDonnell, 418 U.S. 539, 564 (1974)). Accordingly, the district court properly granted summary judgment for defendants on this claim. Id.
 
 B. Sufficiency of the Evidence
 
 7
 Mujahid contends that the district court erred by granting summary judgment for defendants because there is a genuine issue of material fact as to whether the prison disciplinary committee's finding of guilt was supported by sufficient evidence. This contention lacks merit.
 
 
 8
 A prison disciplinary committee's findings need only be supported by some evidence in order to satisfy due process. Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir.1989). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. (internal quotations omitted).
 
 
 9
 Here, there is no genuine issue of material fact as to whether the disciplinary committee's finding of guilt was supported by some evidence. The committee based its finding on two reports submitted by Richard Salgado, a correctional officer, and Ann Lee, a telephone operator, which suggested that Mujahid attempted to use a telephone without authorization. We agree with the district court that the two reports provided "some evidence" to support the committee's finding that Mujahid attempted to use the telephone without authorization in violation of prison rules. Id. Accordingly, the district court properly granted summary judgment for defendants on this claim. Id.
 
 C. Written Statement
 
 10
 Mujahid contends that the district court erred by granting summary judgment for defendants because there is a genuine issue of material fact as to whether the prison disciplinary committee's written statement adequately explained the basis of its decision. This contention lacks merit.
 
 
 11
 An inmate is entitled to a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action. Walker, 14 F.3d at 1420.
 
 
 12
 Here, there is no genuine issue of material fact as to whether Mujahid received an adequate written statement. Although the committee's statement is short, it is readily apparent that it relied on the reports submitted by Salgado and Lee in making its finding since that was the only evidence before the committee. Accordingly, the district court properly granted summary judgment for defendants on this claim. Id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Mujahid's contention that due process requires that prison officials be held to the standards set forth under Hawaii law. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994) (where state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny)