67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert ORNELAS, Petitioner-Appellant,
v.
E.R. MYERS, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-15001.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner Robert Ornelas appeals pro se the district court's denial of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Ornelas contends that the district court erred by finding that Ornelas was not denied due process when California prison authorities refused to transfer him to a Mexican prison to serve out the rest of his sentence. We have jurisdiction under 28 U.S.C. Secs. 1291, 2253. We review the denial of a habeas petition de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 
 3
 A threshold requirement to a substantive or procedural due process claim in this case is the showing of a liberty interest, protected by the Constitution, in being transferred to a Mexican prison. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 843 (9th Cir.1985). Because Ornelas did not show that denial of his transfer resulted in a loss of liberty or an atypical or significant hardship, Ornelas may not possesses a liberty interest in being transferred to a Mexican prison. See Sandin v. Conner, 115 S.Ct. 2293, 2298-2301 (1995) (liberty interest exists if prisoner suffers a "grievous loss" of liberty, or a restraint resulting in "atypical and significant hardship"). However, we will assume for the purposes of appeal that such a liberty interest exists, because neither the district court nor the parties discussed the issue. See Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir.1992) (per curiam) (assuming a liberty interest in parole for purposes of appeal).
 
 
 4
 Due process generally requires that a state provide an opportunity to be heard and a statement of reasons before depriving a prisoner of a liberty interest. See Greenholtz, 442 U.S. at 16; Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991) (per curiam). Due process is also satisfied if the record contains "some evidence" supporting the prison authorities' decision. See Powell v. Gomez, 33 F.3d 39, 40 (9th Cir.1994); Perveler, 974 F.2d at 1134.
 
 
 5
 Here, a prison "classification committee" held a hearing to determine Ornelas's suitability for transfer to Mexico to serve the remainder of his sentence. The committee found that he could not be transferred under the treaty because he had been in the country more than ten years. The evidence supporting this finding was a probation officer's report stating that Ornelas told the probation officer that he had been in the country for ten years.
 
 
 6
 The proceeding satisfied the Due Process clause because Ornelas was given an opportunity to be heard and a statement of reasons why he would not be transferred to Mexico. See Greenholtz, 442 U.S. at 16; Bermudez, 936 F.2d at 1066. Furthermore, some evidence supported the decision denying Ornelas's transfer, and the evidence bore "some indicia of reliability." See Powell, 33 F.3d at 40; Perveler, 974 F.2d at 1134. Although Ornelas claims that his statements during the meeting with the probation officer were inaccurately translated, and that he has not lived in the United States for ten years, Ornelas presented these contentions at the transfer hearing. Thus, his claim essentially attacks the failure of the classification committee to believe Ornelas. Such credibility determinations "fall solely within the province of the trier of fact." Powell, 33 F.3d at 41. Finally, Ornelas's contention that he was not given prior written notice, pursuant to a state statute, that a probation report would be used at the hearing does not state a federal claim for relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (state prisoner must allege that his detention violates Constitution, federal statute, or treaty in order to state a habeas claim).
 
 
 7
 AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, Ornelas's request for oral argument is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3