70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sean T. MORIN, Plaintiff-Appellant,
v.
Allane TANDY; Clyde Armstrong, Defendants-Appellees.
 No. 95-35323.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Sean T. Morin appeals pro se the district court's summary judgment in favor of prison officials in Morin's 42 U.S.C. Sec. 1983 action alleging that he was deprived of due process in a disciplinary hearing resulting in Morin being sentenced to ten days in disciplinary segregation. Morin was found guilty of violating prison rules by failing to attend a scheduled medical visit and refusing to sign a medical treatment waiver. The summary judgment followed this court's reversal of the district court's prior summary judgment for prison officials and remand on the issue of whether Morin was denied his constitutional right to call witnesses at his disciplinary hearing. See Morin v. Tandy, No. 93-35605, unpublished memorandum disposition (9th Cir. Mar. 2, 1994).
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we affirm.
 
 
 4
 Because we conclude that Morin was afforded due process, we need not decide whether he had a liberty interest in not being arbitrarily placed in disciplinary segregation. See e.g., Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir.1992).
 
 
 5
 Prisoners are generally allowed to present witnesses at disciplinary hearings. See Ponte v. Real, 471 U.S. 491, 496 (1985); Bostic v. Carlson, 884 F.2d 1267, 1273 (9th Cir.1989). The burden is on prison officials to provide an adequate justification for denying a prisoner's request to present witnesses. See Ponte, 471 U.S. at 499; see also Bostic, 884 F.2d at 1274.
 
 
 6
 Here, the affidavit provided by the defendants indicates that the witnesses requested by Morin were properly excluded from testifying for reasons set forth in Wolff v. McDonald, 418 U.S. 539, 566 (1974) (stating prison officials may deny prisoner's request to present witnesses if witnesses' testimony would be irrelevant, unnecessary, or hazardous to the institution). The request to have Armstrong, Houghton, and Wilkie testify was properly denied because they could not present any relevant testimony since they were not present at the incident. See id. Dalton's testimony was unnecessary because his testimony would have been adverse to Morin's position. See id. Accordingly, the district court did not err when it denied Morin's request to have certain witnesses testify at his disciplinary hearing. See id.
 
 
 7
 Morin contends that the district court abused its discretion by denying him leave to amend his complaint. This contention lacks merit. We review the denial of leave to amend for abuse of discretion. See National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 681 (9th Cir.1993). On October 19, 1994, the district court issued an order granting Morin's motion for leave to amend his complaint to add additional defendants. Morin filed an amended complaint, but merely restated his prior claims. Since Morin did not follow the district court's prior order allowing him leave to amend, and because he did not file another motion for leave to amend, the district court did not abuse its discretion by not allowing Morin another opportunity to amend his complaint. See id.
 
 
 8
 Morin contends that the district court erred by denying his request to appoint counsel. This contention lacks merit. Because this case presented no exceptional circumstances, the district court did not abuse its discretion by failing to appoint counsel for Morin. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).[1]
 
 
 9
 AFFIRMED.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 To the extent that Morin contends that he was denied adequate discovery, this contention lacks merit. Morin failed to show that the district court abused its discretion. See Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir.1994)