73 F.3d 372
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mark WILSON, Petitioner-Appellant,
v.
James H. GOMEZ, Director, California Department of
Corrections; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA;
JOHN W. GILLIS, Commissioner, Board of Prison Terms; BOARD
OF PRISON TERMS, State of California, Respondents-Appellees.
 No. 94-56762.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Mark Wilson appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging the revocation of his parole following his prison term for one count of oral copulation with a minor. Wilson contends that his due process rights were violated during his parole revocation hearing. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir.1992), and affirm.
 
 
 3
 Due process requires that there be "some evidence" in the record to support a decision to revoke parole. Id. The " 'some evidence' standard is minimally stringent, such that a decision will be upheld if there is 'any evidence in the record that could support the conclusion reached by the disciplinary board.' " Powell v. Gomez, 33 F.3d 39, 40 (9th Cir.1994) (quoting Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987)).
 
 
 4
 We conclude that there is "some evidence" in the record to support the Board of Prison Terms' ("Board") decision to revoke Wilson's parole because Wilson admitted the factual allegations underlying three of the five charges against him. See id.
 
 
 5
 Wilson nevertheless contends that due process violations at the revocation hearing impacted the Board's determination that Wilson was guilty of the remaining two disputed charges. Specifically, Wilson alleges that his rights were violated when (1) he was prevented from cross-examining adverse witnesses, (2) he was denied a continuance which would have enabled him to secure favorable evidence and testimony, and (3) he was denied appointment of counsel.
 
 
 6
 The Board released the adverse witnesses from the hearing before they testified and denied Wilson's request for a continuance after finding the evidence against Wilson to be "overwhelming." We agree with the district court that, given the circumstances, Wilson failed to show how either the cross-examination of the witnesses or a continuance would have impacted the proceedings. See Smith v. United States Parole Commission, 875 F.2d 1361, 1368 (9th Cir.1989) (stating that party claiming error in parole revocation hearing must demonstrate prejudice); see also Standlee v. Rhay, 557 F.2d 1303, 1307-08 (9th Cir.1977) (stating that burden is on parolee to demonstrate that failure to provide a particular safeguard was so prejudicial as to violate due process). Even if Wilson could have shown the Board's findings to be erroneous on the two disputed charges, the fact remained that Wilson admitted three of the charges against him. The three admitted charges were of the same level of seriousness as the two disputed charges. Cf., White v. White, 925 F.2d 287, 291-92 (9th Cir.1991) (remanding to allow defendant to cross-examine adverse witnesses where disputed charges were criminal and of a more serious nature than admitted charges which involved only technical parole violations). There is ample evidence in the record supporting the Board's decision to revoke Wilson's parole. See Perveler, 974 F.2d at 1134.
 
 
 7
 Finally, we can no error in the Board's denial of Wilson's request for appointment of counsel. Wilson's claim of actual innocence was not colorable, he had not demonstrated the case to be complex, and the hearing agent had determined that Wilson was capable of speaking for himself at the hearing. See Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973); Cal.Code Regs. tit. 15 Secs. 2690-2701.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3