89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthel Lavan BROWN, Plaintiff-Appellant,
v.
Jack McCORMICK; Gary Weer; Dan Jones, Defendants-Appellees.
 No. 95-35500.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthel LaVan Brown, a Montana state prisoner, appeals the district court's judgment for defendants, after an evidentiary hearing before a magistrate judge, in Brown's 42 U.S.C. § 1983 action alleging violations of his procedural due process rights. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "We defer to the district court's findings of fact unless they are clearly erroneous. We review the district court's legal conclusions de novo." Toussaint v. McCarthy, 801 F.2d 1080, 1087 (9th Cir.1986) (citations omitted), cert. denied, 481 U.S. 1069 (1987).
 
 
 4
 Brown contends that the district court erred by concluding that his due process rights were not violated when (1) the prison-appointed investigator failed to fulfill the duties outlined by prison regulations and (2) prison officials refused to submit the knife which was used in the fight which served as the basis for the disciplinary charges for fingerprint testing. These contentions lack merit.
 
 
 5
 We assume without deciding that the discipline imposed by prison officials deprived Brown of a liberty interest in light of Sandin v. Conner, 115 S.Ct. 2293 (1995). Cf. Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir.1992) (assuming without deciding that California law created a liberty interest in a parole date). We must, therefore, determine whether "the procedures attendant upon that deprivation were constitutionally sufficient." Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir.1994) (citation and internal quotation omitted).
 
 
 6
 We have "held that 'if state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny.' " Id. at 1420 (quoting, and adopting position of, Rogers v. Okin, 738 F.2d 1, 8 (1st Cir.1984)). Accordingly, Brown's "right to due process was violated only if he was not provided with process sufficient to meet the ... standard[s]" outlined in Wolff v. McDonnell, 418 U.S. 539 (1974). Walker, 14 F.3d at 1420.
 
 
 7
 In Wolff, the Supreme Court held that the due process clause requires prison officials to allow prisoners to seek the aid of inmates or staff if the inmate is illiterate "or [where] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." Wolff, 418 U.S. at 570; accord Walker, 14 F.3d at 1420. Montana prison regulations rise above the floor set by Wolff and provide that a hearing investigator will "investigate each major misconduct report when assigned by the Shift Supervisor or the Hearing Officer." See Inmate Disciplinary Policy, PD 85-216.
 
 
 8
 Here, Brown presented no evidence that he was illiterate or that the factual issues in his disciplinary hearing were so complex that he needed assistance in collecting and presenting the evidence. Although Brown's ability to collect evidence and interview witnesses was restricted by his placement in administrative segregation while disciplinary charges were pending, these limitations do not mean that Brown was deprived of due process in light of Wolff. Accordingly, even if Brown's investigator did not fulfill the duties outlined by prison regulations, because these failings did not violate the procedural guarantees outlined in Wolff, the district court did not err by concluding that defendants did not violate Brown's due process rights. See Walker, 14 F.3d at 1420.
 
 
 9
 Moreover, neither Wolff nor prison regulations mandate that prison officials submit physical evidence for fingerprint testing. Accordingly, we conclude that prison officials' failure to submit the knife recovered after the fight which served as the basis for Brown's disciplinary charges for fingerprint testing did not violate Brown's due process rights. See Wolff, 418 U.S. at 563-72; Walker, 14 F.3d at 1420.
 
 
 10
 In light of the nature of our disposition, we dismiss Brown's contentions that the magistrate judge's findings of fact are erroneous as moot.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3