104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard C. BUCHANAN, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 96-15694.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Richard C. Buchanan appeals pro se the district court's dismissal of his habeas corpus petition. Buchanan contends that: 1) the district court erred by determining that Buchanan had no liberty interest in the restoration of sentence credits previously forfeited due to misbehavior; 2) prison officials were required to restore all of Buchanan's previously forfeited sentence credits; and 3) his double jeopardy rights were violated when prison officials twice refused to restore the forfeited sentence credits. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and affirm.
 
 
 3
 Buchanan lost 470 days good-time credits due to repeated violent behavior over a seven-month period. Buchanan later requested restoration of the credits, eventually receiving one-third of the forfeited credits. Prison officials refused to restore the remaining credits because of Buchanan's pattern of violent behavior and extensive disciplinary record.
 
 
 4
 A state may create a liberty interest in the accumulation or retention of good time credits. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974); Toussaint v. McCarthy, 801 F.2d 1080, 1095 (9th Cir.1986) (holding that California creates a liberty interest in good time credits); see also Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95-1385). We assume, without deciding, that Buchanan has a liberty interest in the restoration of good time credits. See Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir.1992) (per curiam) (assuming a liberty interest in parole for purposes of appeal).
 
 
 5
 Buchanan does not contend that he was denied due process regarding the prison officials' decision not to restore all of his forfeited good-time credits. He merely challenges the prison official's interpretation of the statutory scheme and regulations.
 
 
 6
 He claims that Cal.Code Regs. tit. 15, § 3329(b) limits the length of time that prison officials can delay restoring forfeited good-time credits to one discipline-free period of three or six months, depending on the conduct underlying the forfeited credits. Prison officials interpret the regulations to permit officials to refuse to restore good-time credits after more than one discipline-free period if extraordinary circumstances existed. The California courts apparently agreed with the prison officials by denying Buchanan's writs of habeas corpus. We defer to a state court's interpretation of its own laws, unless the interpretation is untenable or a subterfuge to avoid review of a constitutional violation. See Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.1989); Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993). The state's interpretation of the regulation is both tenable and not a subterfuge. See id.
 
 
 7
 Buchanan's double jeopardy claim fails because, as we held in an analogous setting, "withholding of good time credit ... [does] not constitute punishment for double jeopardy purposes." United States v. Brown, 59 F.3d 102, 105 (9th Cir.1995).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3