**Mickey VERBOS, Petitioner–Appellant,**

v.

**CALIFORNIA BOARD OF PRISON TERMS; et al., Respondents– Appellees.**

No. 02–17178.

D.C. No. CV–01–01372–DDFL/GGH.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

Mickey Verbos, pro se, Tracy, CA, for Petitioner–Appellant.

Robert R. Anderson, Depty. Atty. Gen., Attorney General's Office, Sacramento, CA, Matthew D. Mandelbaum, Esq., Allen Robert Crown, dag, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM **

Mickey Verbos, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition challenging the denial of parole by the Board of Prison Terms. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

Verbos does not dispute that he was given an opportunity to be heard and a statement of reasons for the Board's denial of parole. The record reflects that Verbos was afforded all the process he was due. *See McQuillion v. Duncan,* 306 F.3d 895, 902 (9th Cir.2002) (holding that California's parole scheme gives rise to a cognizable liberty interest in release on parole); *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (holding that when a state creates a liberty interest in parole release, the Due Process Clause requires no more than an opportunity to be heard and a statement of reasons if parole is denied); *Bermudez v. Duenas,* 936 F.2d 1064, 1066 (9th Cir.1991).

In addition, Verbos admitted most of his pre-commitment and post-commitment offenses, so there is no question that the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

evidence relied upon bore some indicia of reliability. *See Perveler v. Estelle,* 974 F.2d 1132, 1134 (9th Cir.1992) (per curiam) (holding that a parole board's decision to deny satisfies due process if some evidence possessing some indicia of reliability supports the decision).

Verbos does not allege facts which support an equal protection challenge.

AFFIRMED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.